IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANIYRA SCOTT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3235 |
| | : | |
| NAVY FEDERAL CREDIT UNION, | : | |
|     Defendant. | : | |

<u>MEMORANDUM</u>

**YOUNGE, J.**                                                                              **SEPTEMBER 15, 2023**

Plaintiff Shaniyra Scott initiated this civil action by filing a *pro se* Complaint against Navy Federal Credit Union.  Scott seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss the Complaint.  Scott will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

**I.     FACTUAL ALLEGATIONS**

Scott's Complaint is difficult to understand as the allegations are vague, disjointed, and often contradictory.  She refers to the Complaint and the relief she seeks as a "Bill of Complaint for Equitable Relief and Consumer Redress."  (Compl. at 2-4.)[1]  In the caption, she lists "In re: Scott Shaniyra" as the "Real Party in Interest" and "Shaniyra Scott, infant/minor" as the "Plaintiff."  (Compl. at 4.)  Elsewhere in the Complaint she indicates that "Shaniyra Scott" is the Plaintiff.  (*Id.*)[2]

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] It is not clear whether Scott Shaniyra or Shaniyra Scott is the Plaintiff, and whether Shaniyra Scott is a minor on behalf of which Scott Shaniyra asserts claims.  The Court will refer to Shaniyra Scott as the Plaintiff, which is consistent with Scott's Motion to Proceed *In Forma Pauperis*.  (*See* ECF No. 1.)  As explained further below, to the extent that Scott seeks to assert

Scott alleges that Defendant Navy Federal Credit Union ("Navy Federal") "breached [its] fiduciary duties as Account of Profits to the plaintiff and has illegally taken profits in the total amount of $318,580.62 from Shaniyra Scott, who is now seeking equitable relief and disgorgement in relation[] to contract account number[s] xxxxxxxxxxxx5293, xxxxxxxxxxxx4323, xxxxxxxxxx5926 and xxxxxxxxxx7909 based on principals [sic] of fairness." (Compl. at 8.)  Navy Federal has allegedly "taken [her] credit and profited from wrongful conduct and refused to fulfill their duty without explanation." (*Id*.)  Citing to "15 U.S.C. 1692c(2),"[3] Scott states that she is a "surety" for the "Shaniyra Scott Estate" and that she is a "consumer in fact, original creditor, and corporate investor" with Navy Federal.  (Compl. at 7.)  She requests to "appoint CFO John T. Collins of Navy Federal Credit Union to quash all false, alleged, indirect, unverified debt, and direct all [her] earnings as a company shareholder to [her] TDA (Treasury Direct Account) moving forward." (*Id*.)  Referencing § 1692h of the FDCPA[4], Scott states that she "dispute[s] EVERY monthly payment made in cash in the total amount of $318,580.62 to Navy Federal Credit Union." (Compl. at 7 (emphasis in original).)  For relief, she seeks to compel "the CFO . . . of Navy Federal Credit Union . . . to pay the amount of $318,580.62 to Shaniyra Scott." (*Id*. at 9.)

---

claims on behalf of an infant or minor, or on behalf of anyone else, she may not do so while proceeding *pro se*.  *See* infra at § III.

[3] The Court understands Scott to be referring to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Section § 1692c addresses "communication in connection with debt collection."  However, the specific provision Scott references, § 1692c(2) does not exist.

[4] Section 1692h, entitled "Multiple Debts," states that "[i]f any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer, and where applicable, shall apply such payment in accordance with the consumer's directions," 15 U.S.C. § 1692h.

II.     **STANDARD OF REVIEW**

The Court will grant Scott leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Scott's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). As Scott is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a

pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).

## III. DISCUSSION

Initially, it appears that Scott attempts to assert claims on behalf of an unnamed infant or minor, or an estate.[5] "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Accordingly, to the

---

[5] In a section of the Complaint titled "Jurisdiction of Courts Over the Estates of Infants," Scott states that "[j]urisdiction over the estate of an infant . . . may be vested. . . in particular courts" and that the infant is a "ward of the court . . . which has broad powers and the duty to protect his or her interests." (Compl. at 5-6.) Scott further states that her Complaint invokes "exclusive equity jurisdiction" because "it involves the property/estate/securities of an infant/minor." (*Id*. at 6.)

extent Scott asserts claims on behalf of a minor or infant, or estate of a minor or infant, the claims must be dismissed. *See, e.g., Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter.").

To the extent that Scott asserts claims on behalf of herself, the Court is unable to ascertain a plausible basis for a claim. Her allegations are so vague and conclusory that it is difficult for the Court to discern the factual basis for her claims. Although she appears to allege that Navy Federal engaged in "wrongful conduct," and "breached [its] fiduciary duties" to her, Scott provides no factual basis to support these conclusory allegations, including any details about the circumstances surrounding her alleged contracts with Navy Federal, how Navy Federal allegedly beached them or breached any alleged fiduciary duties, or when the "wrongful conduct" or other events occurred that give rise to Scott's claims. In other words, Scott's allegations do not describe the relevant who, what, where, when, and how that form the basis for her claims. Accordingly, because it is not clear how the facts alleged relate to any statutory, constitutional, or common law claim, even under a careful reading and liberal construction of the Complaint, the Court concludes that the Complaint fails to provide fair notice of the grounds upon which Scotts' claims rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Scott's reference to two provisions of the FDCPA further complicates her claims. It is not clear to the Court whether Scott intends to assert claims under the FDCPA. If she did, however, she has not stated a plausible claim. The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). To state a claim under the FDCPA, a plaintiff must establish that (1) she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 470 (3d Cir. 2021) (internal citation omitted). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Although Scott appears to allege that she is a consumer, she does not allege that Navy Federal is a debt collector. Nor does she allege that she owes a debt to Navy Federal. The exact nature of the relationship between Scott and Navy Federal is not clear from the Complaint. Scott's vague and conclusory allegations do not raise a reasonable inference that Navy Federal has violated her rights under the FDCPA. *See Astarita v. Solomon & Solomon, PC*, No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content – such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt – which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA.").

Accordingly, to the extent Scott asserts claims under the FDCPA, the claims will be dismissed.

Finally, to the extent Scott intends to assert any state law claims, she has not provided a factual basis to support any such claims. Nor has she adequately alleged the Court's jurisdiction over any state law claims. The only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). The rule in the Third Circuit is that that federal credit unions are citizens of the states in which they are based or localized. *See Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (agreeing with conclusion that, in assessing citizenship of federal credit union, the "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 31 (3d Cir. 1981) (concluding, relying on *Feuchtwanger*, that "First Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of Pennsylvania."). *But see Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 364 (4th Cir. 2020) (holding that a federal credit union is a corporation for purposes of §1332(c)(1) and that it is a citizen of its principal place of business); *Lloyd v. Navy*

*Fed. Credit Union*, No. 17-1280, 2019 WL 2269958, at *6 (S.D. Cal. May 28, 2019) (discussing diversity and federal credit unions).  Since the Amended Complaint is silent on the citizenship of the parties, Scott has not met her burden for establishing a basis for diversity jurisdiction over any state law claims.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Scott leave to proceed *in forma pauperis* and dismiss her Complaint.  Because the Court cannot say at this time that Scott can never state a plausible claim within the Court's jurisdiction based on the acts or omissions of Navy Federal, she will be granted leave to amend so she can "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim."  *See Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  Any amended complaint should clearly describe the factual basis for her claims.  An appropriate Order follows, which provides further instruction as to amendment.

                                       **BY THE COURT:**

                                       **/s/ John Milton Younge**
                                       _____
                                       **JOHN MILTON YOUNGE, J.**